UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHISPERING MEADOWS APARTMENTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANGEL BAUTISTA,<br><br>　　　　　Defendant. | No. 1: 18-cv-01310-DAD-JLT<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE KERN COUNTY SUPERIOR COURT |

This is an unlawful detainer action brought by plaintiff Whispering Meadows Apartments ("plaintiff") against defendant Angel Bautista ("defendant"). On September 24, 2018, defendant removed this case from the Kern County Superior Court. (Doc. No. 1.) Defendant asserts that removal is proper because "it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b)." (Doc. No. 1 at ¶ 5.) Defendant states that "[t]he complaint presents federal questions" and that "Defendant's Demurrer . . . depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at ¶¶ 5, 10.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*,

1

599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);

*Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

In addition, federal courts may exercise "diversity jurisdiction" when the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant, and the amount in controversy exceeds $75,000. *See Hunter*, 582 F.3d at 1043; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2002). Where it is "not facially evident from the complaint that more than $75,000 is in controversy," defendants in the state action are required to prove, "by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, defendant has not shown that removal of this action to this federal court is appropriate. Plaintiff's complaint in this case is a straight-forward unlawful detainer action that is based entirely on state law. Moreover, as stated above, defendant allegedly bases removal of this case on an unidentified federal defense. Even assuming defendant has asserted a federal defense, removal is improper because the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Additionally, defendant does not properly invoke this court's diversity jurisdiction. For jurisdiction to be proper on this basis, there must be both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Having reviewed defendant's notice of removal, the court concludes that defendant failed to provide facts necessary to establish the requisite amount in controversy by a preponderance of the evidence. *Valdez*, 372 F.3d at 1117. Moreover, even if diversity of citizenship exists, defendant cannot properly remove the action because defendant resides in the forum state. (*See* Doc. No. 1 at 1; *see also* 28 U.S.C. §

1441(b)(2).)

Because there is no federal question appearing in plaintiff's complaint in this case and defendant has failed to establish diversity jurisdiction, defendant has failed to properly invoke this court's jurisdiction. Remand to the Kern County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is remanded forthwith to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. The motion to proceed *in forma pauperis* filed by Angel Bautista (Doc. No. 3.) is denied as having been rendered moot by this order; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 25, 2018**

                                              UNITED STATES DISTRICT JUDGE